indicating how much time she or he would like for a rebuttal. Would the clerk call the first case, please? Case number 13-3451, Robert Bright v. Gallia County Ohio and the Board of Commissioners of Gallia County et al. Oral argument not to exceed 15 minutes per side. Ms. Welver for the appellant. Good morning, judges. May it please the court, my name is Linda Weber. I represent Judge Dean Evans. In this matter, I'd like to reserve five minutes for rebuttal. I know the court is familiar with the facts in this case and the allegations. I want to narrow the issues if we could this morning. As you know, there are two exceptions to judicial immunity, the absence of a judicial act, and the complete absence of all jurisdiction. The trial court here acknowledged that Judge Evans' acts were judicial. So the focus is on jurisdiction. And we have to look at the basis here for the trial court's holding. There was a complete absence of all jurisdiction. There was no dispute that Judge Evans, as judge of the common police court in Gallia County, has subject matter jurisdiction over felony cases. There was no dispute that the orders were issued in pending felony cases with the court's caption for each individual case. Were the orders issued in every single case that involved the attorney in front of Judge Evans? Every single case that was currently pending, yes, your honor. Would the case be different if instead of issuing orders in each case, Judge Evans had issued a blanket order not attached to any case saying that the attorney would not be allowed to appear in front of the judge ever again? Yes, your honor. I think the case would be very different. This is why the trial court went outside of its analysis for immunity purposes, because the focus is on whether the judge had subject matter jurisdiction in each individual case. Judge Evans issued an order with an individual caption as to each individual case and ordered new counsel in each individual case. So the question is, was there subject matter jurisdiction over that case? It certainly had the effect that you're speaking to, judge, of an order that would not allow Mr. Bright to appear in all of those cases. It didn't impact future cases. It didn't say that it covered all of those cases. Each individual order related only to that particular case. But if it affected every single case that attorney Bright had in front of Judge Evans, in effect it is the same as issuing a blanket order. Well, a blanket order would presumably impact any future case, regardless of who hired Mr. Bright to represent them, or what the circumstances might be in the future. As Judge Evans said in his order, his concern was that Mr. Bright could in any future case raise a conflict. He didn't say there was a conflict in all future cases. That concern would be a concern for all future cases. That was his concern. Yes, Your Honor. Was there any difference in the text of the various orders, say the name of the particular defendant? The names of the defendant, the names of the substitute counsel. I can't claim to have read every single order, Your Honor, but they were essentially very similar orders. Do you read the orders as saying that because of counsel's behavior in questioning me as a judge, I am concerned that he will raise the issue in the future, and I cannot maintain the appearance of impartiality, and therefore I am removing him from all the cases? Or do you read it as including a finding that the lawyer did something improper? I don't read it as a finding that the lawyer did something improper, nor do I read it as simply questioning the judge. I read it as Judge Evans seeing that he would probably have a conflict with this particular attorney, given the language and the tone of the motion that was filed by Mr. Bright. I'm asking the question because we know, what we do know is that there's some authority in Ohio for a judge in a proceeding to protect the dignity of the court and remove a lawyer from a case for misbehavior. Separate and apart from the Supreme Court disciplinary procedure. But I don't see anything in the order where the judge says anything about improper behavior and protecting the court and all of that. It seems to be saying that, look, this relationship has really come to a point where he just shouldn't be practicing in front of me. I think it was more anticipating that there would be a conflict in the future, which would impact the ethical rules. I don't know what you mean by a conflict in the future. A conflict in the future that the lawyer might claim that he's not being impartial? Yes. Wouldn't the lawyer have to assert that? Yes. And the client? That's the part I don't get. I mean, the lawyer would have to say, look, judge, you can't be fair in these cases. I think what is easily distracting in this case is looking at whether we would agree with Judge Evans' order and the actions he took. As Mr. Bright pointed out in his brief, the Ohio Supreme Court has already addressed this from a disciplinary standpoint, which was the appropriate venue for questioning whether Judge Evans acted appropriately. And he is already living with those consequences of a one-year suspension state. But in an immunity case, the focus needs to be on whether he had subject matter jurisdiction or whether he acted in the complete absence of all jurisdiction. It is true that we have to deal with the immunity provision and as a part of that determine whether or not his actions exceeded, not exceeded, but whether they were within some jurisdiction. And we have to look more broadly than just whether he had subject matter over the case before him. I think that's a given. It's whether he had jurisdiction to impose the action that he did. And here, given that the Gleason order mentioned as a reason for the judge's actions, a conflict in, quote, any other case in the future, end quote, why should that not be viewed as a prospective ban on the lawyer's activities, which is something that is within the purview of the Ohio Supreme Court to discipline lawyers? Because even though it may have that effect, what the judge was saying that he was concerned that Mr. Bright would raise a conflict in the future. So these orders were certainly subject to being withdrawn by the court. They were issued in each individual case. I don't believe that it was discipline, Your Honor. I believe that it was control of his courtroom. And this is where, in this case, the judge was the sole common pleas judge in that jurisdiction. And Mr. Bright was a public defender? A public defender, yes. And, you know, I think that's why if Mr. Bright had a concern about these, he's already explained how it would have been difficult to file appeals in each of these cases. I don't think being difficult means that you don't have the remedy of appeal. He certainly could have brought a writ of prohibition, which he did not. And all the cases that have gone back and forth in these briefs really do address writs and prohibition. And so this is a new issue in Ohio, in the Sixth Circuit, for this court. This context as an issue of immunity, not an issue of whether a writ of prohibition would have been proper. So I have found two cases to be helpful in sort of guiding us in that direction. One is not cited in the briefs, State Ex Rel Cura, K-U-R-A v. Sheward, S-H-E-W-A-R-D, 75 Ohio App 3rd, 244. It was also an action in prohibition. It was also a case where the judge issued an order that did impact a number of future cases. And the court said, the Tenth District said, the judge's actions may well fall outside the, quote, jurisdiction of the court, but this court still needs to decide whether that constitutes an absolute lack of jurisdiction for purposes of the writ. And there was no absolute lack of jurisdiction because the court had jurisdiction over disqualification of counsel under the appropriate circumstances, and the writ was denied. Your red line is on. Do you want to just give us the name of your other case? Yes, or I'll just take one more minute, if that's okay, and just save four minutes for rebuttal. Dunn v. Kennedy is cited in the briefs. It's a Fifth Circuit case. It's an immunity case where the attorney sued the judge and the court administrator, claiming his removal from the list of court-appointed attorneys violated his constitutional right, similar to on the issue here. In that case, the judge was held immune because the decision to remove the attorney from the list of attorneys who could act in the future was a judicial act within her jurisdiction. Thank you. Good morning. I'm Al Gerhardstein. I'm here with Jackie Martin on behalf of Mr. Bright, who's also here today. And I think our discussion got off on writ of prohibition and things without focusing on the fact that I represent a guy who worked for a public defender group. That's his whole livelihood. He gets canned from every case. The public defender corporation, the commission, the county, then fire him. He has no income. So we're here suing the judge to get some money and get reinstated. And that's why we're talking about immunity. It isn't an academic exercise. It's the only way. He wasn't reinstated in that court? No. He has not been... Oh, you mean in his job. Oh, in his job. Correct. And Judge White... This portion of the case is against Judge Evans. Correct. So we should focus on that. And I will. I'm sorry. Judge White, you had asked about whether there was really discipline here or whether this involves sort of a prediction of a conflict. And I think what helps is that we are not challenging the removal of Mr. Bright from the Gleason case. That was the actual case in which he filed the motion. He then quickly tried to undo it, to no avail. But, yes, the judge had the power to take him off that case. And the judge did that, and he'd have never been sued had that ended it. But, in those 69 other entries, he says, further, due to the court's inquiry to the Office of Disciplinary Counsel, the Supreme Court of Ohio, regarding Mr. Bright's conduct, and he goes on, this is the judge speaking, saying that he does think that Mr. Bright has done bad things. So bad that he has now filed with the Ohio Disciplinary Counsel, and he publishes that in 69 entries, and says, because of those things, I'm not going to let this guy practice in front of me in any of these cases. That's at document 43, page number 410. So, what we have is a blanket order. Identical orders in a bunch of cases, all the cases in which Mr. Bright was practicing, and you have the highest level of intimidation of a public defender you could ever see. A man says, I disagree with the rules you have, Judge. Maybe he didn't say it the best way, but he files a motion disagreeing with the rules of the judge, and the judge takes him off of every case. That is an act in the absence of all jurisdiction, because those cases... The big problem is, if Judge Evans did this in a case-by-case basis, as opposed to issuing a blanket order, is there not judicial power, i.e. judicial subject matter jurisdiction, to issue any orders, no matter how bad they are, in particular cases? Facts matter, Judge, so let's take 70 cases. Let's say Mr. Bright filed outrageous, scandalous pleadings in each of those cases, and let's say that there was an individualized determination that you are out of bounds, buddy, and you've got to get off of this case. Different case, not here. You're saying that Judge Evans should have waited until each of those 69 cases came up to him later in the year, or whenever. Absolutely. And then said the same thing, that Attorney Bright has misbehaved in Judge Evans' view, and because of this, Judge Evans cannot allow Bright to continue on the case. Only if... With outrageous conduct in each of those cases. He can't use one act and discipline him in 69 cases and force him to lose his job. Well, suppose a hypothetical, that the lawyer has lied in a case. Could a judge not say, if the lawyer is representing criminal defendants, could a judge not say, this lawyer has lied in case number one, and I'm not going to allow this lawyer to represent defendant two, because I know this lawyer is a liar? No. Judge can't do that. That's what the Ohio Supreme Court's for. That's why you file grievances, then you let a full investigation go forward, you have an independent body that makes a determination, and then that lawyer is either sanctioned or not, by the powers that be. But the judge, because of an alleged act in one case, can't bar the man from practicing in front of him in all cases. That's discipline. That's outside his jurisdiction. So I'm glad you used the word jurisdiction, because the question is, is it within the judge's jurisdiction to do this, even if we might think that judge was totally wrong? We're not a review court for the Ohio courts, so we have to hold our nose when state judges or others do really wrong things, as long as it's within their jurisdiction. And the answer is that it's not in his jurisdiction. And one of the ways to test this is, well, what relief would a person have in that instance? And we've heard about, well, you could do a writ of prohibition. If you've got a vigorous boss who has your back, yes, that's possible, but you can't rely on that. You could appeal the order. What criminal defendant says, lawyer, you know, tie me up for 18 months while you appeal whether you can be my lawyer or not. That's not really feasible. These are acts that are independent. It's different than determining whether or not there's jurisdiction. As counsel opposite said, just because it's difficult, just because it may be protracted, doesn't mean that there's an absence of jurisdiction, does it? No, that isn't of itself the answer. All I'm saying is when you're picking one act of misconduct in one case and then trying to apply it to a bunch of cases, that's action in the absence of jurisdiction. And even though you could academically design a way to challenge it, one of the indicia that this is action in the absence of jurisdiction is that it doesn't involve anything in that case. He's taking an act that has absolutely no connection to the case in front of him that the man's just been barred from. In your brief, you argue that the judge's actions were basically acts of discipline. Correct. Rather than trying to promote or safeguard the dignity and integrity of the courts. I want you to address what it is that you say tips us into a disciplinary action which is within the province of the Supreme Court as opposed to the judge protecting the dignity and ordering the procedures in the courtroom over which he presides. I think the best example of how this is disciplined is first that we have one act which, by the way, is a pleading that the judge took offense to that actually wasn't sort of a personalized thing. It was just, these are bad rules, but protected First Amendment conduct. So we have one act that the judge doesn't like and he applies it to a bunch of cases, 69 cases that are not at the moment pending in front of him for action and that have nothing to do with this act. And the judge chose, the reason that you can see that it's disciplined is that the proper way to do this under the structure we all work under is that the judge should recuse himself if he has a problem and doesn't think he can be fair to the lawyer and the judge stipulated to that and is being disciplined for failing to recuse himself. And that's what the Ohio Supreme Court decision says at 2013 Westlaw 6067999. So rather than recuse himself, he then tells the lawyer, you can't earn a living you can't come before me, the only judge in Gallia County and that's disciplined. In the Ohio disciplinary ruling and if you could give us that site again. 2013 Westlaw 6067999 11-19-13. It is in our reply brief in the other case. In that ruling did the Ohio, was the Ohio Supreme Court was that it? Yes. Did the Ohio Supreme Court reinstate Attorney Bright or say anything? I'm sorry that I don't have that ruling right in front of me. Actually they kind of that it was okay for me to be here I think. This is from their decision. Judge Evans actions erode the public confidence in the integrity and impartiality of our judiciary but his misconduct resulted in a more concrete injury to Bright who lost his job as a public defender and his privacy protections under rules for the governance of the Bar 511E. The judge's misconduct also likely harmed Bright's clients who did not request the removal of him as counsel. So the Ohio Supreme Court is sort of recognizing that Bright's out hanging in the wind because they can't order any relief for Bright. Do you have any cases that deal with 1983 damage actions as opposed to asking the court to vacate the judgment or the order because the judge lacked jurisdiction to do it? I mean I'm asking, like the word jurisdiction as we know as we're constantly taught has too many meetings but you could see where a court in a supervisory proceeding would say no judge you don't have the jurisdiction to enter an order like this. This is in disciplinary order the disciplinary board has jurisdiction over disciplinary matters which I think is different from saying that no this is an extrajudicial act for which you do not have immunity. So are there any cases where you have damages awarded? Well I have certainly sued judges for acts that were not within their jurisdiction. Most typically actions where they're running a juvenile facility and they're acting as administrators or they've engaged in sex harassment and they're acting as a boss. Here and those are 1983 actions we sue the judge for damages for something like this for disqualification or anything related to that. It doesn't happen very often so good news there but I think the law that we use in these other contexts applies and certainly the law of retaliation applies. If not a judge. Pardon? What was he acting as if not a judge? Albeit perhaps a bad one at that point. He had the power. Some of that by virtue of the fact that he's in a small county of 30,000 people and he's the only common pleas judge and what he says goes. And that's why this is ultimately there's a lot of facts to be done here. We're only on the pleadings. So this case ought to go back so that we can find out well how is it that whatever he says goes? Why didn't somebody just say no? You can't do this. Judges have the power to issue orders in their cases and then the disgruntled people can appeal. That's the way you deal with bad judge orders. So to make the argument against you, this judge issued 69 separate orders in 69 separate cases and so the people who are unhappy with that should appeal. Now you've made a practical argument which is that these clients want to get their criminal cases dealt with and they really don't care whether it's Attorney Bright or some other attorney who's representing them. So they're not likely to appeal. But that's a pragmatic argument. But aren't judges under the absolute judicial immunity entitled to issue orders in their cases no matter how wrong they are and then wait for the unhappy person to appeal? Not if it's a sham. And that's what these orders are. So what is your best case? Is there a case ever that says that a judge's order is a sham order and that a 1983 action is the way to go? I'm not going to say that I have some reported decision on point but the cases that we've cited and the use of 1983 against state actors who abused their power generally certainly fit this situation. And when you see that every one of these orders doesn't reference any misconduct in those 69 cases and only references the misconduct that came to light in the Gleason case, you have the confidence of knowing that the judge truly wasn't acting based on anything that happened in those other 69 cases. But my hypo about if hypothetically the lawyer is shown to be a total liar in case number one, why wouldn't a judge when the lawyer is representing criminal defendants, why wouldn't the judge be able to protect those criminal defendants in that hypothetical case where the lawyer for those defendants has been shown to be a liar in case number one? Because that's not the way the system works. And in fact the judge has an option to go elsewhere. And the judge can't be the prosecutor and the judge over every set of facts that might involve a lawyer. If the lawyer stands up and starts lying in another case, yes. But the only way to check any abuses of judicial power and actions outside of the judge's jurisdiction is to let the Ohio Supreme Court do its job on discipline and tell them to expedite it if they need to expedite it and let the judge judge each case over which the judge has jurisdiction. Thank you. Your Honors, to address Mr. Gerhardstein's statement, it is the way the system works. Motive is irrelevant in an immunity analysis. And as Judge Moore pointed out, sometimes you just have to hold your nose as to the judge's actions. As this court and the U.S. Supreme Court have said many times, judicial immunity applies to acts performed maliciously, corruptly, acts performed in bad faith or with malice. The point of judicial immunity is actually for the benefit of the public, not for judges. Because it's in the interest of the public that judges need to be free to exercise their judicial function without fear of consequences like this lawsuit. To hold otherwise would have a chilling effect on the judge's actions where he or she would have to consider not only the law, not only his or her own ethical concerns and control of the courtroom, but whether a litigant, in most cases, or in this case, a lawyer is going to sue him or her for money damages. Thank you. Thank you. The case will be submitted. Did the court call the next?